CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

OCT – 4 2011

LODGED_____REC'D_____
PAID_____DOCKETED_____

1

2

3

4

5

6

7

8

9

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

10   IN RE                      )      Bankruptcy Case
                                    )      No. 11-64837-fra7

11   KATHY LEA BELL,            )
                                    )      MEMORANDUM RE: MOTION

12   _____Debtor._____ )      TO CHANGE VENUE

13        The Debtor has filed a motion to change the intra-district venue of this case from Eugene to Bend

14   [Document #6].

15        According to her petition, Debtor was a resident of Lane County, Oregon, at the time the petition was

16   filed. Cases filed by residents of Lane County are assigned to a bankruptcy judge in Eugene, and to a Chapter

17   7 panel trustee who conducts of meetings of creditors in Eugene. By contrast, cases filed by debtors residing

18   in Deschutes County are assigned to a Portland judge and a trustee who conducts meetings of creditors in

19   Bend.

20        The motion asserts that Debtor was recently a resident of Bend, that her principal assets, including her

21   real property, are situated in Deschutes County, and that "Debtor's attorney is located in and practices in

22   Bend. Debtor will incur additional expenses if Debtor's attorney travels to Eugene to appear at the 341(a)

23   hearing, or if a local Eugene attorney has to be paid to appear at the 341(a) hearing in Eugene on Debtor's

24   behalf."

25   // // //

26   // // //

Page 1 - MEMORANDUM RE: MOTION TO CHANGE VENUE

1      A review of Debtor's schedules reveals that she has little in the way of non-exempt assets, and that her

2  real estate is over secured, and unlikely to be administered. Virtually all of the unsecured creditors are from

3  outside the state of Oregon.

4      The disclosure of compensation filed by Debtor's attorney states that he has received $800 for his

5  services in connection with this bankruptcy case. In return for the fee, counsel has agreed to "render legal

6  service for all aspects of the bankruptcy case, including: ... c. Representation of the Debtor at the meeting of

7  creditors...."

8      The boundaries between the Eugene and Portland divisions were drawn to ensure a workable

9  distribution of cases between Oregon's bankruptcy judges. Motions to change venue purely for the

10  convenience of a debtor or debtor's counsel are not favored. In this instance, counsel contracted with the

11  Debtor to provide bankruptcy services, including attendance at the § 341(a) meeting. Counsel was aware at

12  the time that the § 341(a) meeting would take place in Eugene. Counsel cannot, consistent with his

13  agreement and disclosure demand an additional charge for expenses incurred traveling from Bend to Eugene.

14  Avoiding that cost is not sufficient grounds for changing venue.

15      Accordingly, the motion will be denied, and a separate order to that effect will be entered.

16

17

18

19                     FRANK R. ALLEY III
                     Chief Bankruptcy Judge

20

21

22

23

24

25

26

Page 2 - MEMORANDUM RE: MOTION TO CHANGE VENUE